UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLENE CORONA,<br><br>    Plaintiff,<br><br>v.<br><br>AZUL VISTA, LLC, a Nevada limited liability company; MICHAEL J. MARTINEZ, an individual, DOES 1-100, ABC CORPORATIONS 1-100, XYZ, LLC's 1-100.<br><br>    Defendants. | Case No.: 16cv1594-JAH (BGS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DOC. NO. 4]** |

## **INTRODUCTION**

Pending before the Court is Defendant Michael J. Martinez's ("Defendant") motion to dismiss *pro se* Plaintiff Arlene Corona's ("Plaintiff") verified complaint for damages, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Doc. No. 4. Defendant's motion has been fully briefed by the parties. *See* Doc. Nos. 6, 7. After a careful review of the pleadings and for the reasons set forth below, Defendant's motion is **GRANTED**.

//

//

1

# BACKGROUND

The instant action arises from Plaintiff's allegation that, on March 25, 2016, she received a text message, on her personal cell phone, from a phone number registered to AZUL VISTA, LLC, a Nevada limited liability corporation alleged to be owned by Defendant. *See* Doc. No. 1-2, Exh. A. Plaintiff had expressly informed the public not to make solicitation calls and/or texts on her personal cellular phone via national do-not-call registration. *Id*.

On April 27, 2016, Plaintiff, proceeding *pro se*, filed suit in the Superior Court of California, County of San Diego, alleging violations under the Racketeering Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964; and violations under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *Id*. Plaintiff also alleged violations under Cal. Pub. Util. Code § 2873, for using an automated dialer and automated answering device to call/text Plaintiff; violations under Cal. Bus. & Prof. Code § 17200, for engaging in illegal business activity; as well as trespass to chattels. *Id*. Plaintiff seeks statutory damages, punitive damages, injunctive relief, and payment of reasonable attorney's fees and costs. *Id*.

On June 23, 2016, Defendant removed the matter to this Court. *See* Doc. No. 1. On June 30, 2016, Defendant moved to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. *See* Doc. No. 4. On August 5, 2016, Plaintiff filed a response in opposition, and on August 15, 2016, Defendant field a reply. *See* Doc. Nos. 6, 7. On August 18, 2016, the Court deemed the matter suitable for disposition without oral argument, pursuant to CivLR 7.1 (d.1). *See* Doc. No. 8.

# DISCUSSION

## I. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *See Robertson v. Dean Witter Reynolds*, Inc., 749 F.2d 530, 534 (9th Cir. 1984); *Neitzke v. Williams*, 490 U.S. 319, 326

(1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Id*. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, a court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which a court takes judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly

3

be cured by the allegation of other facts. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## II.   Analysis

Defendant moves this Court for an order dismissing all of Plaintiff's federal and state law claims for failure to state a claim upon which relief may be granted. *See* Doc. No. 4.

### A.   Failure to State a Civil RICO Claim

RICO focuses on "racketeering activity," which the statute defines as a number of *specific criminal acts* under federal and state laws. *See* 18 U.S.C. § 1961(1) (emphasis added). Under § 1962(c), it is illegal for any person "to conduct or participate, directly or indirectly, in the conduct of [an] enterprise's affairs through a pattern of racketeering activity," where that enterprise affects interstate commerce. It is also illegal for any person to conspire to do so. 18 U.S.C. § 1962(d). A "pattern of racketeering activity" requires at least two predicate acts of racketeering activity, as defined in 18 U.S.C. § 1961(1), within a period of ten years. 18 U.S.C. § 1961(5).

Under RICO's civil enforcement mechanism, "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962] may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee[.]" 18 U.S.C. § 1964(c). To have standing under § 1964(c), a civil RICO plaintiff must show: (1) that his alleged harm qualifies as injury to his business or property; and (2) that his harm was "by reason of" the RICO violation, which requires the plaintiff to establish proximate causation. *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992); *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985).

Defendant contends that Plaintiff cannot state a cognizable RICO claim, as to it, because (1) Plaintiff fails to allege a pattern of racketeering activity; (2) Plaintiff has insufficiently alleged the existence of an enterprise; (3) Plaintiff has failed to prove

4

proximate cause; and (4) Plaintiff fails to allege a conspiracy under 18 U.S.C. § 1961(d).[1] *See* Doc. No. 4-1 at 3-7. As a matter of law, the Court agrees.

A review of the complaint reveals that Plaintiff pleads no facts alleging that either Defendant committed any of the enumerated *criminal acts* recognized as "racketeering activity" under 18 U.S.C. § 1961(1). Instead, Plaintiff alleges that, on March 25, 2016, without her consent, Defendants contacted her cell phone on March 25, 2016. The Court finds this omission alone fatal. Moreover, assuming *arguendo* that the predicate act Plaintiff alleges constituted racketeering activity under § 1961(1)—which it does not—Plaintiff's RICO claim would still fail to state a cognizable claim because a pattern of racketeering requires "at least two acts of racketeering activity" within "ten years" of each other. 18 U.S.C. § 1961(5). The Court finds that Plaintiff's Civil RICO claim fails, and, as a matter of law, is suitable for dismissal **WITH PREJUDICE**.

### B. Failure to State a TCPA Claim

The TCPA is codified at 47 U.S.C. § 227. The statute contains prohibitions concerning calls made to residential telephone lines and prohibitions concerning calls made to wireless telephone lines. 47 U.S.C. § 227(b)(1)(B); 47 U.S.C. § 227(b)(1)(A)(iii). Under the prohibition related to residential lines, the Federal Communications Commission ("FCC") is permitted to make exceptions for certain calls that are not made for a commercial purpose or those made for a commercial purpose that do not contain an unsolicited advertisement and will not adversely affect privacy rights. 47 U.S.C. § 227(b)(2)(B). The statute does not permit the FCC to make similar exceptions for calls made to wireless numbers.

The TCPA clearly prohibits making any call "using any automatic telephone dialing system or an artificial or prerecorded voice" to a wireless number. 47 U.S.C. §

---

[1] Because the Court ultimately finds that Plaintiff fails to allege any "racketeering activity" as defined in 18 U.S.C. § 1961(1), the Court need not address Defendant's alternate theories for dismissing the Complaint.

227(b)(1)(A). Since the applicable section is written in the disjunctive, a violation may occur if any one of an automated telephone dialing system, an artificial voice, or a prerecorded voice is used to make the call. *In re Pacific–Atlantic Trading Co.*, 64 F.3d 1292, 1302 (9th Cir.1995). The only statutory exceptions to the wireless number prohibition are calls made for emergency purposes or with the prior consent of the call recipient. 47 U.S.C. § 227(b)(1)(A). The TCPA prohibits making offending calls to a cellular number in addition to other services for which the called party is charged, but there is no statutory requirement that a recipient be charged for an incoming call on a cellular line in order for a violation to occur. 47 U.S.C. § 227(b)(1)(A)(iii). In sum, the TCPA clearly prohibits using an automated telephone dialing system, an artificial voice, or a prerecorded voice to make a call to a cellular phone number where prior consent was not obtained except for emergency purposes.

Defendant contends that Plaintiff's allegations are insufficient to support her TCPA claim because Plaintiff does not allege that her phone number was, *during the relevant time period*, on the national do-not-call list. *See* Doc. No. 4-1 at 8. In opposition, Plaintiff argues that her number was registered on the national do-not-call list more than 31 days prior to her receipt of the March 25, 2016 text message, but that a personal cell phone is not required to be listed on the do-not-call registry in order to receive protection from spam telemarketers. *See* Doc. No. 6 at 6. In reply, Defendant maintains that Plaintiff's complaint fails to include allegations that she received more than one text message, on one date, from the Defendant. *See* Doc. No. 7 at 3.

Drawing all inferences in the light most favorable to Plaintiff, the Court finds that Plaintiff fails to plead plausible facts sufficient to state a claim under the TCPA. Although Plaintiff's complaint alleges that she expressly informed the public to not make solicitation calls and/or texts via the national do-not-call registration of her personal cell phone number, Plaintiff does not allege that she was contacted more than once by Defendant. Indeed, this omission is fatal to Plaintiff's TCPA claim because, under 47 U.S.C. § 227(c)(5) (Private Right of Action), she lacks standing. Section 227(c) provides that only

"[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may bring an action for injunctive relief, damages, or both." Accordingly, the Court finds that Plaintiff lacks standing to brining her TCPA claim, and, as a matter of law, cannot state a claim upon which TCPA relief can be granted.

### C.   Claims Arising Under State Law

Defendant moves this Court, under Fed. R. Civ. P. 12(b)(6), for an order dismissing Plaintiff's supplemental state law claim for trespass to chattels. *See* Doc. No. 1-2 at 4. The Court finds that Plaintiff's state law claims "form part of the same case or controversy" as those alleged in Plaintiff's federal causes of action, and therefore exercises supplemental jurisdiction over it. 28 U.S.C. § 1367(a).

#### (i)   Trespass to Chattels

"Trespass to chattels 'lies where an intentional interference with the possession of personal property has proximately cause[d] injury.'" *eBay, Inc. v. Bidder's Edge, Inc.*, 100 F.Supp.2d 1058, 1069 (N.D. Cal. 2000) (quoting *Thrifty–Tel v. Bezenek*, 46 Cal.App. 4th 1559 (1996)). Although Plaintiff sufficiently alleges ownership of the property in question, *see Intel Corp. v. Hamidi*, 30 Cal.4th 1342, 1350 (2003), the Court finds that Plaintiff's complaint lacks sufficient allegations with respect to injury to said property, proximately caused by either Defendant. *See generally* Doc. No. 1-2, Exh. A.

### D.   Leave to Amend

A *pro se* litigant must be given leave to amend their pleading to state a claim unless it is absolutely clear the deficiencies cannot be cured by amendment. *See Lopez*, 203 F.3d at 1130 (noting that leave to amend should be granted when a complaint is dismissed "if it appears at all possible that the plaintiff can correct the defect[.]"). Therefore, while the Court finds Plaintiff's complaint fails to state a claim upon which relief can be granted, it will provide her a chance to cure the pleading deficiencies discussed in this order, if she can. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

# CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss for failure to state a claim is **GRANTED**.

1. Plaintiff's Civil RICO claim brought pursuant to 18 U.S.C. § 1961, *et seq.* is **DISMISSED WITH PREJUDICE**, as to both Defendants;

2. Plaintiff's federal TCPA claim, and supplemental state law claims alleged against Defendant Michael J. Martinez are **DISMISSED WITHOUT PREJUDICE**;

2. Plaintiff is **GRANTED fourteen (14) days leave to file an Amended Complaint which cures all the deficiencies of pleading described in this Order**. Plaintiff is cautioned, however, that should she choose to file an Amended Complaint, it must be complete by itself, comply with the Federal Rules of Civil Procedure, including Rule 8(a), and that any claim not re-alleged will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.");

**IT IS SO ORDERED**.

DATED: March 31, 2017

_____
JOHN A. HOUSTON
United States District Judge